*327
 
 Battle, J.
 

 The record of the County Court, as it appears in the transcript sent to the Superior Court, is manifestly imperfect. Indeed it is senseless and unintelligible as it stands, but may be made intelligible and consistent by interposing the word “ appeal ” between the words “ continued the case ” and “ to the next Superior Court of Law,” &c. In wills and even in deeds it is well settled that a word or words, which it is manifest from the context have been omitted, may be supplied by construction. "We cannot conceive of any reason why, in a similar case, a word or words may not be supplied by construction in a record. Of course it ought not, and will not be done unless it is clear beyond doubt that the word or words were omitted by mistake or inadvertence.
 

 In the present case the counsel for the defendant moved the County Court to quash the proceedings before the justice of the peace for error apparent therein, and at the same time the County Attorney moved for a continuance of the cause, for the purpose of giving an opportunity to the justice to amend the proceedings before him. The record states that the court thereupon refused to quash, “ and continued the case to the next Superior Court of Law,” &c. Now the court had no power to continue the cause to the next Superior Court, but, after refusing to quash the proceedings upon the defendant’s motion, it had the power to continue the cause to the next County Court; and it had the power also, and it was its duty, to allow an appeal to the defendant from the refusal to quash, which would, of course, have superseded the order for a continuance. Taking the record altogether, it is manifest that the court so acted. But the counsel for the State says that if we supply the word “ appeal ” it means an appeal from the order to continue the cause, and not from the refusal to quash. This seems to us to be a hypercriticism. The defendant had undoubtedly a right, during the whole term of the
 
 *328
 
 court, to appeal from the refusal of his motion to quash; and it is a fair construction of the record that he did appeal therefrom.
 

 If the above view of the record be correct the cause was properly constituted in the Superior Court, and his Honor did right in refusing the motion of the Attorney General to dismiss it.
 

 Per Curiam. Judgment affirmed.